IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LASHANDA DANDRIDGE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08 CV 3789 |
| HOUSING AUTHORITY OF PARK FOREST, | ) ) ) ) | Judge Anderson Magistrate Judge Cox |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, HOUSING AUTHORITY OF PARK FOREST (hereinafter "Park Forest"), by and through its attorneys, GARDINER KOCH & WEISBERG, and moves the Court to dismiss Plaintiff's Petition for Certiorari pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, Park Forest states as follows:

### Background

1.  On March 5, 2008, the Housing Authority of Park Forest gave notice to Plaintiff that it was terminating her Section 8 Voucher Program Housing Assistance. Plaintiff's Petition for Certiorari paragraph 16. This notice included information regarding how Plaintiff could appeal this decision. Plaintiff's Petition for Certiorari Exhibit A.

2.  Park Forest based its termination decision based on the criminal activities of a household member of Plaintiff, her son DaShawn. Plaintiff's Petition for Certiorari Exhibit A.

3.  Plaintiff appealed the decision, and an informal meeting was held on April 24, 2008 in accordance with HUD regulations. Plaintiff's Petition for Certiorari paragraphs 17-18.

4. At the hearing, the hearing officer, Barbara Grant, heard testimony from Ernestine Watson, Executive Director of the Housing Authority of Park Forest, and Officer Todd Bielke, one of the police officers who investigated the February 14, 2008 incident during which Plaintiff's son was arrested.

5. After considering all of the evidence presented, the hearing officer, Barbara Grant, determined that Plaintiff's termination from the housing program was appropriate. Plaintiff received notice of the hearing officer's decision on May 15, 2008. Plaintiff's Petition for Certiorari Exhibit C.

6. Plaintiff now seeks a review of the hearing officer of the Housing Authority of Park Forest and relief from the Housing Authority of Park Forest.[1] Plaintiff's Petition for Certiorari.

7. Plaintiff violated the obligations of being a Voucher Program participant. The relevant statute clearly prohibits the engagement by any household member "in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises." 24 C.F.R. § 982.551(1).

8. Plaintiff violated this obligation when Plaintiff's son unlawfully discharged a firearm on the premises. In addition, the police, in the course of their search, also confiscated suspected cannabis, a fact omitted by Plaintiff. Plaintiff's Petition for Certiorari Exhibits A and

---

[1] We question whether the relief sought by Plaintiff is appropriate because Park Forest does not control the funding for Plaintiff's housing assistance. Plaintiff entered the Voucher Program through the Chicago Housing Authority (Plaintiff's Petition for Certiorari paragraph 9), which is controlled by the Housing Authority of Cook County. The Housing Authority of Park Forest is a separate housing authority, and ordinarily does not deal with the Housing Authority of Cook County. However, when an individual with a Cook County voucher moves to Park Forest, the Housing Authority of Park Forest has the obligation to administer the voucher on behalf of Cook County. Where Park Forest terminates the housing assistance of a program participant in such a situation, Cook County is notified and, as a result, stops providing funding to Park Forest for the terminated assistance. Park Forest did not, and does not, control the issuance of vouchers to Plaintiff.

C. Plaintiff's son was ultimately charged with unlawful possession of a firearm, and, as a result, served one month in juvenile detention. Plaintiff's Petition for Certiorari paragraph 13.

9. Because of this violation by Plaintiff's son, the Housing Authority terminated Plaintiff's housing assistance, as permitted by 24 C.F.R. § 982.552(c)(1)(i), (xi) and 24 C.F.R. § 982.553(b)-(c). Plaintiff's Petition for Certiorari Exhibits A and C.

### Park Forest is not required to consider mitigating circumstances in making its decision

10. Defendant re-states and re-alleges paragraphs 1 through 9 and hereby incorporates them as this paragraph 10 as if fully set forth herein.

11. Plaintiff's Petition for Certiorari should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for which relief can be granted in that Defendant is not required to consider mitigating circumstances in making its termination decision.

12. Plaintiff argues that the Housing Authority of Park Forest "abused its discretion by failing to consider mitigating circumstances pursuant to 24 C.F.R. § 982.552(c)(2)(i)." Plaintiff's Petition for Certiorari paragraph 20.

13. The applicable statute, 24 C.F.R. § 982.552(c)(2)(i), is clear in its instructions – the local Housing Authority *may* consider mitigating circumstances. However, it is *not* required to do so. The referenced section reads:

> In determining whether to deny or terminate assistance because of action or failure to act by members of the family: (i) The PHA [local housing authority] *may* consider all relevant circumstances such as the seriousness of the case, the extent of the participation or culpability of individual family members, mitigating circumstances related to the disability of a family member, and the effects of denial or termination of assistance on other family members who were not involved in the action or failure. (Emphasis added.) 24 C.F.R. § 982.552(c)(2)(i).

14.     The general consensus of the courts is that consideration of mitigating circumstances is discretionary, not mandatory. In <u>Eddings v. Dewey</u>, No. 3:06CV506-HEH, 2006 U.S. Dist. LEXIS 74373 (E.D.VA., Oct. 2, 2006), the Court found that § 982.552(c)(2)(i) clearly distinguishes between what the agency *may* consider and what the agency *must* consider. *Id*. at 7. The <u>Eddings</u> Court further held the local housing agency's action should be upheld when it is consistent with federal law. *Id*. Also, in <u>Lawrence v. Town of Brookhaven Dept. of Housing, Community Development & Intergovernmental Affairs, et al.</u>, No. 07-CV-2243, 2007 U.S. Dist. LEXIS 94947 (E.D.N.Y., Dec. 26, 2007), the Court found that the local housing authority was not required to consider mitigating circumstances. *Id*. at 35. Finally, in <u>Gammons v. Mass. Dept. of Housing and Community Development</u>, 523 F. Supp. 2d 76 (D.Mass., Nov. 28, 2007), the Court found that "the regulation [§ 982.552(c)(2)(i)] does not mandate that the [local housing authority] consider 'all relevant circumstances.'" *Id*. at 84.

15.     For the foregoing reasons, Plaintiff's Petition for Certiorari must be dismissed.

### Park Forest did, in fact, consider mitigating circumstances

16.     Defendant re-states and re-alleges paragraphs 1 through 15 and hereby incorporates them as this paragraph 16 as if fully set forth herein.

17.     Plaintiff's Petition for Certiorari should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for which relief can be granted in that Defendant did in fact consider mitigating circumstances.

18.     Plaintiff argues that the Housing Authority of Park Forest "abused its discretion by failing to consider mitigating circumstances pursuant to 24 C.F.R. § 982.552(c)(2)(i)." Plaintiff's Petition for Certiorari paragraph 20.

19.    Even though the Housing Authority of Park Forest is not required to consider mitigating circumstances, it did in fact consider all of Plaintiff's arguments, including alleged mitigating circumstances, in making its determination to terminate Plaintiff's housing assistance. Plaintiff's Petition for Certiorari Exhibit C.

20.    Plaintiff is essentially only arguing that the Housing Authority of Park Forest violated its duties simply because it did not rule in Plaintiff's favor. But this is not a viable argument.

21.    Plaintiff was represented by counsel at the informal hearing, and was given the opportunity to present her case.

22.    Because of the overwhelming evidence that Plaintiff was in violation of the participant obligations, the hearing officer decided to uphold the decision to terminate Plaintiff's housing assistance.

23.    For the foregoing reasons, Plaintiff's Petition for Certiorari must be dismissed.

### **Park Forest is not required to pursue an alternative, less extreme sanction**

24.    Defendant re-states and re-alleges paragraphs 1 through 23 and hereby incorporates them as this paragraph 24 as if fully set forth herein.

25.    Plaintiff's Petition for Certiorari should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for which relief can be granted in that Defendant is not required to pursue an alternative, less extreme sanction.

26.    Plaintiff argues that the Housing Authority of Park Forest abused its discretion by "failing to pursue an alternative, less extreme sanction," specifically that Plaintiff's assistance be

continued on the condition that Plaintiff's son, who violated the law, no longer live with Plaintiff. Plaintiff's Petition for Certiorari paragraph 20.

27. The statutory language cited by Plaintiff does *not* actually address the pursuance of "an alternative, less extreme sanction." Instead, the statute indicated that the local housing authority *may* require the offending household member to leave as a condition of continuing assistance for the program participant. Section 982.552(c)(2)(ii) reads: "The PHA may impose, as a condition of continued assistance for other family members, a requirement that other family members who participated in or were culpable for the action or failure will not reside in the unit. The PHA may permit the other members of a participant family to continue receiving assistance." It does *not* say, however, that the local housing authority must continue assistance if the program participant offers to remove the violating household member from her home. 24 C.F.R. § 982.552(c)(2)(ii).[2]

28. For the foregoing reasons, Plaintiff's Petition for Certiorari must be dismissed.

## Conclusion

29. For the foregoing reasons, Plaintiff's Petition for Certiorari must be dismissed.

---

[2] Even assuming arguendo that the Housing Authority of Park Forest did want to pursue the "alternative, less extreme sanction" proposed by Plaintiff, it would not do so in light of the fact that Plaintiff has demonstrated that she is unwilling and/or unable to abide by her own proposed sanction. Plaintiff claims that her son DaShawn has been living with his father since May 27, 2008 and has not visited Plaintiff's residence since that date. Plaintiff's Petition for Certiorari paragraph 21. Plaintiff's son, who was involved in the criminal activity resulting in the termination of Plaintiff's housing assistance, was again involved in criminal activity on July 17, 2008. Contrary to Plaintiff's claim, in the Police Investigative Report, Plaintiff's son's residence is listed as that of his mother, the Plaintiff. This incident occurred more than a month and half after Plaintiff allegedly relinquished custody of her son to his father. This demonstrates that despite Plaintiff's claim that she removed her son from her home into the custody of the son's father, the violating family member still resides with Plaintiff. Because the Housing Authority of Park Forest has little reason to believe Plaintiff's intent to keep her son removed from the premises as a condition of not terminating her housing assistance, the Housing Authority of Park Forest was proper in not pursuing Plaintiff's proposed sanction.

Dated: August 18, 2008

                                              Respectfully submitted,

                                              HOUSING AUTHORITY OF
                                              PARK FOREST

                                              By: _____
                                                   One of Its Attorneys

                                              Thomas G. Gardiner
                                              GARDINER KOCH & WEISBERG
                                              53 W. Jackson Blvd., Suite 950
                                              Chicago, IL  60604
                                              312-362-0000
                                              Attorney No.: 29637

## VERIFICATION

Under penalties as provided by law, pursuant to Section 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief. As to such matters, the undersigned certifies that she believes the same to be true, and if called as a witness, could testify competently thereto.

_____
Ernestine Watson, Executive Director
of the Housing Authority of Park Forest

8