UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lashanda dandridge, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 CV 3789 |
| | ) |
| Housing Authority | ) Judge Anderson |
| of Park Forest, | ) Magistrate Judge Cox |
| | ) |
| Defendant. | ) |

PLAINTIFF'S MOTION FOR REMAND

Plaintiff, Lashanda Dandridge, by and through her attorneys at the Legal Assistance Foundation of Metropolitan Chicago, moves this Honorable Court to remand this case back to the Circuit Court of Cook County, Illinois, on the grounds that this Honorable Court lacks subject matter jurisdiction. In support of this motion, Ms. Dandridge states the following:

Introduction

1. The plaintiff, Lashanda Dandridge (Ms. Dandridge), originally filed this case in state court to challenge the defendant's decision to terminate her right to participate in a federally subsidized rental assistance program.

2. Solely because Ms. Dandridge argued that the defendant had violated a federal regulation governing the assistance program, the defendant removed the case to federal court.

3. The regulation at issue in this case, however, has no counterpart in the federal statute that created the program. In other words, Ms. Dandridge is trying to enforce a federal regulation that creates a right independent of any federal statute.

4. Accordingly, this case does not arise "under the Constitution, laws or treaties of the United States," and is not properly before this Court.

## Statement of Facts

5. Ms. Dandridge currently lives with her 14-year-old son, DaJuan, and her 24-year-old cousin, Waylan Hughes, in the premises located at 402 Rutledge Street, Park Forest, Illinois.

6. When she moved into the premises, her tenancy was subsidized under the Section 8 Housing Choice Voucher Program (Voucher Program).

7. This rental assistance program, created by 42 U.S.C.A. § 1437f and governed by the federal regulations codified at 24 C..F.R. Part 982, is funded by the United States Department of Housing and Urban Development (HUD) and administered by local Public Housing Authorities (PHAs).

8. In Park Forest, Illinois, the Voucher Program is administered by Defendant Housing Authority of Park Forest (HAPF).

9. Pursuant to the terms of the Voucher Program:

> HUD pays rental subsidies so eligible families can afford decent, safe and sanitary housing . . . . Families select and rent units that meet program housing quality standards. If the PHA approves a family's unit and tenancy, the PHA contracts with the owner to make rent subsidy payments on behalf of the family. . . . [T]he subsidy is based on a "local payment standard" that reflects the cost to lease a unit in the local housing market. If the rent is less than the payment standard, the family generally pays 30 percent of adjusted gross monthly income for rent. If the rent is more than the payment standard, the family pays a larger share of the rent.

24 C.F.R. § 982.1.

10. The PHA may terminate a participant's assistance for a variety of reasons. *See* 24 C.F.R. 982.552(c)(1).

11. But "[i]n determining whether to terminate assistance because of action or failure to act by members of the family,"

> (i) The PHA may consider all relevant circumstances such as the seriousness of the case, the extent of participation or culpability of individual family members, . . . and the effects of denial or termination of assistance on other family members who were not involved in the action or failure.
>
> (ii) The PHA may impose, as a condition of continued assistance for other family members, a requirement that other family members who participated in or were culpable for the action or failure will not reside in the unit. The PHA may permit the other members of a participant family to continue receiving assistance.

24 C.F.R. 982.551(c)(2).

12. Before terminating a family's assistance, the PHA must provide the participant family with written notice of its intent to terminate. 24 C.F.R. 982.555(c)(2). This notice must notify the family of its right to request an informal hearing to challenge the decision, and state the deadline for making such a request. *Id.* If the family then submits a timely request for a hearing, the PHA may not terminate the family's assistance until after it completes the hearing process. 24 C.F.R. 982.555(a)(2).

13. On or about February 14, 2008, Ms. Dandridge's son, DaJuan (an authorized member of the household), was arrested for engaging in criminal drug-related activity, so HAPF issued written notice of its intent to terminate Ms. Dandridge's assistance.

14. Ms. Dandridge then submitted a timely request for an informal hearing, which was held on April 24, 2008.

15. At the hearing, Ms. Dandridge testified that she did not know or have any reason to know that her son would commit the crime for which he was arrested, that no other household members were charged in connection with the incident, and that no other household member had

a criminal record. She also testified and presented a notarized letter attesting to the fact that a non-household member would take custody of her son on May 27, 2008. Finally, she testified that terminating her assistance would effectively condemn herself and her remaining family member to homelessness because they cannot afford market rent on their limited income.

16. On May 15, HAPF issued a written decision upholding the termination of Ms. Dandridge's assistance. This decision, a copy of which is attached as Exhibit A, did not address even one of the mitigating circumstances about which Ms. Dandridge testified.

17. On June 17, Ms. Dandridge filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, a petition for certiorari challenging the termination of her Section 8 rental assistance.

18. In her petition, Ms. Dandridge argued that HAPF's failure to mention in its final administrative decision even one of the mitigating circumstances about which she had testified constituted a violation of 24 C.F.R. 982.552(c)(2). *See Gaston v. CHAC, Inc.,* 375 Ill. App. 3d 16, 24 (1st Dist. 2007) (failure to consider mitigating circumstances constitutes violation of 24 C.F.R. 982.552(c)(2), and is therefore reversible error).

19. On July 2, HAPF filed a Notice of Removal and the case was removed to the United States District Court for the Northern District of Illinois, Eastern Division.

20. In its Notice of Removal, HAPF argued that this Court has original jurisdiction under 28 U.S.C. § 1331 because Ms. Dandridge alleged that HAPF had violated the federal regulations governing the Voucher Program.

**Argument**

21. The propriety of removal depends on whether the case could have been originally filed in federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 8 (1983).

22. District courts have original jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

23. Defendant's petition to remove this case to federal court is based solely on the fact that Ms. Dandridge alleged a violation of a federal regulation – 24 C.F.R. 982.551(c)(2) – that has no counterpart in the governing federal statute.

25. Regulations, however, are not laws. *See, Mungiovi v. Chicago Housing Authority*, 98 F.3d 982, 984 (7th Cir. 1996) (rejecting public housing resident's attempt to use § 1983 to enforce federal regulation that created a right independent of any federal statute).

24. The only federal court to address the specific question at issue in this case held that the statute creating the Voucher Program cannot be extended so far as to grant an actionable 1983 claim when the tenant alleges that a PHA violated the federal regulation that authorizes the PHA to consider mitigating circumstances when deciding whether to terminate assistance. *Gammons v. Massachusetts Dept. Of Housing and Comm. Dev.*, 523 F. Supp. 2d 76, 84-85 (D. Mass. 2007).

25. This Court, therefore, lacks subject matter jurisdiction in this case.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order remanding this case to the Circuit Court of Cook County.

                                      Respectfully submitted,

                                      s/ Astrid Montealegre
                                      One of the Attorneys for Plaintiff

<u>Attorneys for Plaintiff</u>:

Richard M. Wheelock
Jack Block
Larry Wood
Astrid Montealegre
Legal Assistance Foundation of Metropolitan Chicago
111 W. Jackson, 3d Floor
Chicago, IL 60604
(312) 341-1070

May 15, 2008



EXHIBIT
A

LASHANDRA DANDRIDGE
402 RUTLEDGE
PARK FOREST, IL

MS DANDRIDGE, AT YOUR HEARING ON APRIL 24, 2008, POLICE OFFICER TESTIFIED THAT HE HEARD SHOTS COMING FROM BEHIND 402 RUTLEDGE. HE AND ANOTHER OFFICER PROCEEDED TO FIND OUT WHERE THE SHOTS WERE FIRED FROM. THE OFFICER FOUND YOUR SON, 16 YEAR OLD DEL SHAWN AND FRIENDS IN YOUR RESIDENT. UPON FURTHER INVESTIGATION 3 GUNS, SPENT AND UNSPENT SHELLS, ALSO, SOME DRUGS WERE FOUND IN THE HOME.

YOUR SON DELSHAWN WAS ARRESTED.

YOU RECEIVED A LETTER OF TERMINATION FROM THE SECTION 8 RENTAL ASSISTANCE PROGRAM.

YOU, MS DANDRIDGE BROUGHT A NOTARIZED LETTER TO THE HEARING. THE LETTER STATED YOU HAD TURNED OVER GUARDIANSHIP OF DELSHAWN TO HIS FATHER CHARLES ISRAEL. MR ISRAEL DID NOT ATTEND THE HEARING TO TESTIFY ON OR IN HIS BEHALF CONCERNING GUARDIAN SHIP OF HIS SON DELSHAWN.
DELSHAWN BEING YOUR SON, IT WOULD BE HARD TO BELIEVE THAT YOU WOULD NOT RECEIVE HIM IN YOUR HOME AGAIN.

HIS ACTIONS HAVE ENDANGERED HIMSELF AS WELL AS OTHERS.

THEREFORE, I RECOMMEND THAT THE TERMINATION LETTER STANDS AS STATED.

HEARING OFFICER