IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHANDA DANDRIDGE, ) | FILED |
| ) | 8-11-2008 |
| Plaintiff, ) | AUG 1 1 2008 |
| ) | MICHAEL W. DOBBINS |
| v. ) | CLERK, U.S. DISTRICT COURT |
| ) | Case No. 08 CV 3789 |
| HOUSING AUTHORITY ) | |
| OF PARK FOREST, ) | Judge Anderson |
| ) | Magistrate Judge Cox |
| Defendant. ) | |

## NOTICE OF FILING

TO:   See Attached Service List

PLEASE TAKE NOTICE that on the 11th day of August 2008, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the foregoing Defendant's Response to Plaintiff's Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction, a copy of which is hereby served upon you.

_____
Attorney for Defendant

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604
Telephone 312-362-0000
Facsimile 312-362-0440
Atty. No. 29637

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused to be served on the parties listed above copies of the foregoing notice and attached documents by hand-delivering them from the offices located at 53 West Jackson, Suite 950, Chicago, Illinois 60604, on August 11, 2008 before the hour of 6:00pm.

_____

**Service List:**
Astrid C. Montealegre
Richard Wheelock
Jack Block
Legal Assistance Foundation of Metropolitan Chicago
900 East 162nd Street, Suite 101
South Holland, IL 60471
708-271-4950

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHANDA DANDRIDGE, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08 CV 3789 |
| HOUSING AUTHORITY ) | |
| OF PARK FOREST, ) | Judge Anderson |
| ) | Magistrate Judge Cox |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES Defendant, HOUSING AUTHORITY OF PARK FOREST (hereinafter "Park Forest"), by and through its attorneys, GARDINER KOCH & WEISBERG, and responds to Plaintiff's Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction. In support of its Response, Park Forest states as follows:

### Background

1. On March 5, 2008, the Housing Authority of Park Forest gave notice to Plaintiff that it was terminating her Section 8 Voucher Program Housing Assistance. This notice included information regarding how Plaintiff could appeal this decision.

2. Park Forest based its termination decision based on the criminal activities of a household member of Plaintiff, her son DaShawn Dandridge.

3. Plaintiff appealed the decision, and an informal meeting was held on April 24, 2008 in accordance with HUD regulations.

4. At the hearing, the hearing officer, Barbara Grant, heard testimony from Ernestine Watson, Executive Director of the Housing Authority of Park Forest, and Officer Todd Bielke, one of the police officers who investigated the February 24, 2008 incident during which Plaintiff's son was arrested.

5. After considering all of the evidence presented, the hearing officer, Barbara Grant, determined that Plaintiff's termination from the housing program was appropriate. Plaintiff received notice of the hearing officer's decision on May 15, 2008.

## Plaintiff does not have a likelihood of success on the merits

6. Plaintiff violated the obligations of being a Voucher Program participant. The relevant statute clearly prohibits the engagement by any household member "in drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises." 24 C.F.R. § 982.551(1).

7. Plaintiff violated this obligation when Plaintiff's son unlawfully discharged a firearm on the premises. In addition, the police, in the course of their search, also confiscated suspected cannabis, a fact omitted by Plaintiff. Plaintiff's son was ultimately charged with unlawful possession of a firearm, and, as a result, served one month in juvenile detention.

8. Because of this violation by Plaintiff's son, the Housing Authority terminated Plaintiff's housing assistance, as permitted by 24 C.F.R. § 982.552(c)(1)(i), (xi) and 24 C.F.R. § 982.553(b)-(c).

9. **Park Forest is not required to consider mitigating circumstances in making its decision.**

   a. The applicable statute, 24 C.F.R. § 982.552(c)(2)(i), is clear in its instructions – the local Housing Authority *may* consider mitigating circumstances. However, it is *not* required to do so.

   b. The case cited by Plaintiff, Gaston v. CHAC, Inc., does *not* require the administrative agency to uniformly consider mitigating circumstances, as Plaintiff contends.

      i. In Gaston, 375 Ill. App. 3d 16 (1st Dist. 2007), Plaintiffs Gaston and Brantley's housing assistance was terminated for failure to report their employment and earning on the annual applications. The court in Gaston encourages an interpretative analysis of section 982.552 as a whole, and in so doing, it concludes that "the agency must consider *some* circumstances particular to the individual case" in discretionary termination cases. Gaston as 45. The context of this "requirement" in Gaston, however, was related to the consideration of Plaintiff Brantley's disability, which is specifically required by statute. The court did not apply its "requirement" to Plaintiff Gaston. Plaintiff Gaston's situation was related to a determination against the manifest weight of the evidence.

   c. Further, despite Gaston, the general consensus of the courts is that consideration of mitigating circumstances is discretionary, not mandatory.

      i. Eddings v. Dewey, No. 3:06CV506-HEH, 2006 U.S. Dist. LEXIS 74373 (E.D.VA., Oct. 2, 2006).

3

1. Finding that the § 982.552(c)(2)(i) clearly distinguishes between what the agency *may* consider and what the agency *must* consider.
            2. Further holding that the agency's action should be upheld when it is consistent with federal law.
        ii. Lawrence v. Town of Brookhaven Dept. of Housing, Community Development & Intergovernmental Affairs, et al., No. 07-CV-2243, 2007 U.S. Dist. LEXIS 94947 (E.D.N.Y., Dec. 26, 2007).
            1. Finding that the local housing authority was not required to consider mitigating circumstances. *Id.* at 35.
        iii. Gammons v. Mass. Dept. of Housing and Community Development, 523 F. Supp. 2d 76 (D.Mass., Nov. 28, 2007).
            1. Finding that "the regulation does not mandate that the [local housing authority] consider 'all relevant circumstances.'" *Id.* at 84.

10. **Park Forest did, in fact, consider mitigating circumstances.**
    a. Even though the Housing Authority of Park Forest is not required to consider mitigating circumstances, it did in fact consider all of Plaintiff's arguments, including alleged mitigating circumstances, in making its determination to terminate Plaintiff's housing assistance.
    b. Plaintiff is essentially only arguing that the Housing Authority of Park Forest violated its duties simply because it did not rule in Plaintiff's favor. But this is not a viable argument.

4

    c. Plaintiff was represented by counsel at the informal hearing, and was given the opportunity to present her case.

    d. Because of the overwhelming evidence that Plaintiff was in violation of the participant obligations, the hearing officer decided to uphold the decision to terminate Plaintiff's housing assistance.

11. **Park Forest is not required to pursue an alternative, less extreme sanction.**

    a. Plaintiff argues that the Housing Authority of Park Forest abused its discretion by "failing to pursue an alternative, less extreme sanction," specifically that Plaintiff's assistance be continued on the condition that Plaintiff's son, who violated the law, no longer live with Plaintiff.

    b. The statutory language cited by Plaintiff does *not* actually address the pursuance of "an alternative, less extreme sanction." Instead, the statue indicated that the local housing authority *may* require the offending household member to leave as a condition of continuing assistance for the program participant. It does *not* say, however, that the local housing authority must continue assistance if the program participant offers to remove the violating household member from her home. 24 C.F.R. § 982.552(c)(2)(ii).

        i. § 982.552(c)(2)(ii) reads: "The PHA may impose, as a condition of continued assistance for other family members, a requirement that other family members who participated in or were culpable for the action or failure will not reside in the unit. The PHA may permit the other members of a participant family to continue receiving assistance."

### Relief sought is improper as Park Forest does not control funds, and as such has no money to distribute once program participation is terminated

12. The Housing Authority of Park Forest is a separate housing authority, and ordinarily does not deal with the Housing Authority of Cook County. However, when an individual with a Cook County voucher moves to Park Forest, the Housing Authority of Park Forest has the obligation to administer the voucher on behalf of Cook County and pursuant to Cook County rules.

13. This is the situation by which Plaintiff received her vouchers.

14. Cook County rules require that a program participant with a criminal in the house have the vouchers terminated. It was in accordance with Cook County rules that Plaintiff's assistance was terminated.

15. When Plaintiff's son engaged in criminal activity, Park Forest alerted Cook County, who terminated Plaintiff's vouchers.

16. Park Forest did not control the issuance of vouchers to Plaintiff.

17. Therefore, the Housing Authority of Park Forest is the wrong entity against whom to be seeking relief because only Cook County has the authority to reissue Plaintiff's voucher.

### Status quo is terminated status

18. Plaintiff improperly argues that the *status quo* consists of Plaintiff receiving housing vouchers when in fact Plaintiff has not received a housing voucher since April of this year.

19. This *status quo* actually consists of Plaintiff's housing assistance being terminated.

### Deference to hearing officer

20. Deference should be given to the decision and findings of the hearing officer.

   a. Clark v. Alexander, 85 F.3d 146 (4th Cir. 1996).

      i. Affording "reasonable deference" to the decision of the administrative agency (following Ritter v. Cecil County Office of Hous. & Community Dev., 33 F.3d 323 (4th Cir. 1994).

### Conclusion

21. For the foregoing reasons, Plaintiff's Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction must be denied.

Dated: August 11, 2008

Respectfully submitted,

HOUSING AUTHORITY OF
PARK FOREST

By: _____
One of Its Attorneys

Thomas G. Gardiner
GARDINER KOCH & WEISBERG
53 W. Jackson Blvd., Suite 950
Chicago, IL 60604
312-362-0000
Attorney No.: 29637